IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Vs.                        Civil Case No. 07-4016-SAC
                            Criminal Case No. 03-40045-01-SAC

DALE CLAYTON,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dk. 80). In January of 2004, the defendant pleaded guilty to count one of the information that charged him with distribution of cocaine base. At the defendant's request, he was then appointed new counsel, and his sentencing later was continued several times also at his request. On September 21, 2004, the court sentenced him to a term of 151 months which was the bottom of the sentencing guideline range calculated on the basis that the defendant was a career offender and subject to the minimum base offense level and

criminal history category set by the guideline provisions at U.S.S.G. § 4B1.1.

The defendant appealed ultimately arguing error under *United States v. Booker*, 543 U.S. 220 (2005). The Tenth Circuit dismissed the appeal as it was within the scope of the enforceable waiver clause of the plea agreement. *United States v. Clayton*, 416 F.3d 1236 (10th Cir. 2005). The Tenth Circuit issued its mandate on September 12, 2005. (Dk. 79). The defendant filed a petition for writ of certiorari on December 25, 2006, which the United States Supreme Court denied on January 9, 2006. *Clayton v. United States*, 126 S. Ct. 1110 (2006).

The defendant filed his pending § 2255 motion[1] on January 29, 2007, more than one year after the Supreme Court denied certiorari. The government argues the court should dismiss the defendant's motion as time-barred under the governing one-year statue of limitations. In reply, the defendant essentially concedes his motion is untimely but attempts to excuse his untimely filing based on his asserted diligence in trying to find someone to assist him in preparing his § 2255 motion and on a

---

[1]The defendant asserts his trial counsel provided ineffective assistance in not investigating and evaluating the government's case against him and in leading the defendant to believe he had no viable option but to plead guilty.

misunderstanding of the law by himself and on a misunderstanding of fact by the inmate assisting him.

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 includes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). For purposes of this case, "[t]he limitation period runs from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(¶ 6). When a direct appeal is taken, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). The defendant's conviction became final when the Supreme Court denied certiorari on January 9, 2006. *See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). The one-year limitations period for filing the defendant's § 2255 petition began to run on January 9, 2006, and expired one year later on January 9, 2007. *See, e.g., United States v. Fredette*, 191 Fed. Appx. 711 (10th Cir. 2006). The defendant filed his § 2255 motion almost three weeks after the governing limitations period

3

expired.

In his reply brief, the defendant first cites his efforts to recruit other inmates to assist him as his diligent pursuit of § 2255 relief. The defendant attributes his late filing principally to his own misreading of the law and to the inmate assistant's erroneous impression of the facts. As laid out in their unsworn declarations, the defendant incorrectly read *Clay v. United States*, 537 U.S. 522 (2003), as applicable and entitling him to an additional ninety-day period, and the inmate assisting the defendant wrongly assumed that on January 9, 2006, the Tenth Circuit denied the defendant's appeal rather than the Supreme Court denied the defendant's petition for certiorari.

The one-year statute of limitations is subject to equitable tolling but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). None of the defendant's argued circumstances rise to the level of being extraordinary or beyond the defendant's control. The defendant's vague and conclusory allegation that he could not find any reliable assistance for eleven months is insufficient to

support equitable tolling.  *See Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling.).  Considering the narrow and simple grounds presently argued in the defendant's § 2255 motion, there is nothing of record to explain why the defendant did not timely pursue his own § 2255 motion.  Furthermore, neither his fellow inmate's misunderstanding about the judicial order entered on January 9, 2006, nor the defendant's misreading of *Clay* suffices as a basis for equitable tolling.  Indeed, an attorney's negligence, error, a miscalculation, inadequate research, or other mere mistakes of neglect are not extraordinary circumstances, unless the attorney misconduct reaches the level of egregious.  *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).  That the defendant receives erroneous assistance from another inmate does not relieve him "from the personal responsibility of complying with the law."  *Marsh v. Soares*, 223 F.3d at 1220 -1221 (citations omitted).  "Simple excusable neglect is not sufficient."  *Gibson v. Klinger*, 232 F.3d at 808.  In the context of this rule, there is nothing extraordinary about the defendant's own inadequate legal research or his fellow inmate's mistaken assumption of fact.  The defendant has not articulated any viable ground for equitable tolling.

Finally, the defendant summarily argues in his reply brief that to reject his motion as untimely "would constitute a suspension of the writ of habeas corpus and violate the constitution," because his "allegations of ineffective assistance are legitimate, meritorious and deserve review." (Dk. 85, p. 4). The remedy available under § 2255 is not rendered inadequate or ineffective just because the movant is procedurally barred from proceeding on his untimely motion. *See Fisher v.* Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001), *cert. denied*, 535 U.S. 1034 (2002); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). Rather, the movant must show that the enforcement of the limitations period here would "raise[] serious constitutional questions and possibly render[] the habeas remedy inadequate and ineffective." *Miller*, 141 F.3d at 978 (citation omitted). The defendant has not carried his burden. His inability to pursue his § 2255 motion is due to his own mistakes and lack of diligence. For that matter, the plaintiff's § 2255 allegations do not assert any serious constitutional questions, when considered against the plain and ample record established during the change of plea proceedings.

IT IS THEREFORE ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 is denied as untimely.

Dated this 28th day of June, 2007, Topeka, Kansas.


                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge